FILED

2016 OCT -5 PM 3:21

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

JLC

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

TIFFANY HALL,

Plaintiff,

CASE No.: 6:16-CV-1746-ORL-22TBS

v.

**JURY TRIAL DEMANDED**

RECEIVABLES PERFORMANCE MANAGEMENT, LLC,

Defendant.

_______________________________________/

**COMPLAINT**

1. This is an action for damages brought by an individual consumer based on Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*., and the Florida Consumer Collection Practices Act ("FCCPA"), Chapter 559, Florida Statutes.

**PARTIES**

2. Plaintiff, Tiffany Hall ("Tiffany" or "Plaintiff"), is a natural person who resided in Orlando, Florida, at all times relevant to this action.

3. Defendant, Receivables Performance Management, LLC ("RPM" or "Defendant") is a Washington limited liability company that maintained its principal place of business in Lynnwood, Washington, at all times relevant to this action.



**JURISDICTION AND VENUE**

4. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the FDCPA.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Tiffany's claims under the FCCPA because those claims share a common nucleus of operative facts with Tiffany's claims under the FDCPA. *See LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) ("[FCCPA's] remedies are 'cumulative to other sanctions and enforcement provisions' for any violation by an out-of-state consumer debt collector.").

6. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**STATEMENT OF FACTS**

7. At all times relevant to this action, RPM collected consumer debts.

8. RPM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

9. The principal source of RPM's revenue is debt collection.

10. RPM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. As described, *infra*, RPM contacted Tiffany to collect a debt that was incurred primarily for personal, family, or household purposes.

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. Tiffany is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14. In or around July 2016, RPM began calling Tiffany on her cellular telephone number ending in -5613 in connection with the collection of a debt.

15. Shortly after the calls began, Tiffany answered one of RPM's telephone calls.

16. The RPM agent asked to speak with "Tiffany Hall," and Tiffany responded that it was she on the line.

17. The RPM agent then immediately advised Tiffany that she was being transferred and placed the phone call on hold.

18. Tiffany waited on the line for a live agent to join the call, but one never did.

19. After waiting an inordinate amount of time, Tiffany terminated the call by hanging up.

20. RPM continued to call Tiffany on her cellular telephone number ending in -5613 in connection with the collection of a debt.

21. On multiple occasions, Tiffany answered RPM's call.

22. On each occasion, the RPM agent asked to speak with "Tiffany Hall," and Tiffany responded that it was she on the line.

23. On each occasion, the RPM agent immediately advised Tiffany that she was being transferred and placed the phone call on hold.

24. On each occasion, Tiffany waited on the line for a live agent to join the call, but one never did.

25. On each occasion, Tiffany terminated the call after waiting an inordinate amount of time without a live agent joining the call.

26. On one occasion, Tiffany waited over 60 seconds without a live agent joining the call.

27. On or around July 25, 2016, Tiffany answered a call from RPM to Tiffany's cellular telephone number ending in -5613.

28. On this occasion, after Tiffany identified herself to the RPM agent, but before the agent could put her on hold, Tiffany asked that RPM stop calling her.

29. Notwithstanding this communication, RPM called Tiffany again on her cellular telephone number ending in -5613.

*RPM's Debt Collection Practices*

30. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.*, 256 F.R.D. 661, 671 (D.N.M. 2009); *see also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

31. RPM regularly engages in a debt collection practice whereby it calls a consumer and, as soon as the consumer confirms that he or she is the person with whom

RPM is looking to speak, immediately places the consumer on hold until a collection agent is available to speak with the consumer.

32. Under RPM's debt collection practice, the consumer has no idea who is calling, why RPM is calling, or whether it the call is a scam.

33. Under RPM's debt collection practice, the consumer, who did not ask to be called, is interrupted from whatever he or she is doing and forced to wait on the line for a live RPM agent to join the call.

34. RPM's practice of placing unsolicited calls to consumers and forcing them to wait on the line for an inordinate amount of time without revealing the nature and purpose of the call constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

35. RPM's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

36. Because RPM's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

37. RPM's collection efforts, including but not limited to its telephone calls, caused Tiffany emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

38. RPM's collection efforts also intruded upon Tiffany's privacy.

39. In addition, each time RPM placed a telephone call to Tiffany, RPM occupied Tiffany's telephone number such that Tiffany was unable to receive other phone calls at that telephone number while RPM was calling her.

40. RPM's telephone calls also forced Tiffany to lose time by having to tend to RPM's unwanted calls.

**COUNT ONE**

**Violation of the Fair Debt Collection Practices Act**

41. Tiffany re-alleges and incorporates by reference Paragraphs 7 through 40 above as if fully set forth herein.

42. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Tiffany in connection with the collection of the debt.

**COUNT TWO**

**Violation of the Fair Debt Collection Practices Act**

43. Tiffany re-alleges and incorporates by reference Paragraphs 7 through 40 above as if fully set forth herein.

44. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

**COUNT THREE**

**Violations of the Florida Consumer Collection Practices Act**

45. Tiffany re-alleges and incorporates by reference Paragraphs 14 through 40 above as if fully set forth herein.

46. RPM is a "debt collector" as that term is defined in the FCCPA, Fla. Stat. § 559.55(7).

47. TIFFANY is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(2).

48. RPM attempted to collect a "debt" within the meaning of FCCPA, Fla. Stat. § 559.55(1).

49. RPM willingly and knowingly violated Fla. Stat. § 559.72(7) by communicating with Tiffany with such frequency as can reasonably be expected to harass Tiffany, or engaging in other conduct which can reasonably be expected to abuse or harass Tiffany.

## JURY DEMAND

50. Tiffany demands a trial by jury.

## PRAYER FOR RELIEF

51. Tiffany prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   b. Judgment against Defendant for actual damages, statutory damages, costs and reasonable attorney's fees, plus punitive damages pursuant to Fla. Stat. § 559.77.

   c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC, LPA

Date: October 4, 2016

By: /s/ *Sharina T. Romano*

Sharina T. Romano, Esq.
Florida Bar No.: 65501
1100 W. Cermak Road, Suite B410
Chicago, Illinois 60608
(P) 904.853.3050
(F) 312.361.3509
(E) sharina@fairdebt411.com

*Counsel for Plaintiff*